# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ALAN B. MCREYNOLDS,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

Case No. C17-5984 RJB

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on Plaintiff Alan McReynolds's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (the "Motion"). Dkt. #18. The Commissioner did not file a response. Having considered Plaintiff's Motion, the Court finds no error in its Order Affirming Defendant's Decision to Deny Benefits (the "Affirming Order"), Dkt. # 16, or accompanying Judgment, Dkt. # 17, and denies the Motion.

## BACKGROUND

Plaintiff sought judicial review of the Social Security Administration's denial of his application for disability benefits. *See* Complaint, Dkt. # 3. Plaintiff argued that the administrative law judge ("ALJ") erred by (1) improperly evaluating the medical evidence; (2) improperly evaluating Plaintiff's testimony; (3) improperly evaluating the lay testimony of Mary Schmidt; and (4) improperly assessing Plaintiff's residual functional capacity ("RFC") and ability to perform alternate work. Pl. Op. Br. (Dkt. # 13) at 2.

On September 25, 2018, after reviewing the administrative record and the parties' briefing, the Court entered its Affirming Order. *See* Dkt. # 16. The Court then entered the Judgment based on the Affirming Order and dismissed the case with prejudice. Dkt. # 17.

Plaintiff filed the present Motion on October 24, 2018. Dkt. # 18. In his Motion, Plaintiff argues that the Court committed clear error by affirming the ALJ's rejection of Plaintiff's symptom testimony, and by affirming the ALJ's rejection of Kim Wheeler, Ph.D.'s opinions. *Id.* at 2-3.

**DISCUSSION**

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citations and quotation marks omitted). "Indeed, 'a motion for reconsideration [under Rule 59(e)] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). The Court has "considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

**A.  The Court Did Not Commit Clear Error in Affirming the ALJ's Rejection of Plaintiff's Symptom Testimony**

Plaintiff argues that the Court relied on improper *post hoc* rationales to uphold the ALJ's rejection of Plaintiff's symptom testimony. Motion at 2-3. The Court may only affirm an ALJ's decision based on the reasons actually given, "not *post hoc* rationalizations that attempt to intuit

what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

Plaintiff's Motion is nothing more than a request for the Court to "rethink what it has already thought." *Motorola v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003). As the Court stated in its Affirming Order, contrary to Plaintiff's assertions, the ALJ gave three valid reasons for rejecting Plaintiff's symptom testimony. *See* Affirming Order at 6-9 (citing AR at 2287-89). First, the ALJ determined that the severity of symptoms Plaintiff alleged was inconsistent with or contradicted by the medical evidence. *See id.* at 2287-89. Plaintiff argues that the ALJ merely summarized the medical evidence with no analysis of Plaintiff's testimony. The ALJ did not explicitly state when he was analyzing the evidence and when he was summarizing it, but the format of his decision and its content make clear the conclusions the ALJ reached and how he reached them. *See id.* That is all the law requires. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (courts must uphold an agency's decision if its "'path may reasonably be discerned'") (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004)); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

Second, the ALJ determined that Plaintiff's symptoms were more likely due to his drug use than chronic depression. AR at 2287. The Court rejected this rationale, and Plaintiff presents no argument specific to this issue. *See* Motion at 2-3.

Third, the ALJ rejected Plaintiff's symptom testimony because he determined that Plaintiff's mental health symptoms were largely due to situational stressors. *See* AR at 2288. Plaintiff makes no argument specific to this issue. *See* Motion at 2-3. Again, the ALJ provided enough explanation from which the Court could understand his decision. The ALJ identified records in which Plaintiff reported that his mood improved after situational stressors resolved,

from which the ALJ reasonably concluded that Plaintiff's mental health symptoms "were primarily an acute stress reaction rather than chronic disease process." AR at 2288. This was not a *post hoc* rationalization; it is a reason the ALJ gave in his decision.

In sum, Plaintiff has failed to meet his burden of showing clear error with respect to the ALJ's rejection of his symptom testimony. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The ALJ gave three reasons for his decision, and the Court adequately addressed each of them.

**B.    The Court Did Not Commit Clear Error in Affirming the ALJ's Rejection of Dr. Wheeler's Opinions**

Plaintiff argues that Dr. Wheeler's opinions were "essentially uncontradicted," and that none of the ALJ's reasons for rejecting them were legitimate. Motion at 3. Plaintiff does not make any substantive arguments to support his claim. *See id.* As the Court previously held, the ALJ gave two specific and legitimate reasons for discounting Dr. Wheeler's opinions. *See* Affirming Order at 10-11; AR at 2290. That is sufficient under Ninth Circuit precedent. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Plaintiff has not identified any specific deficiencies in the ALJ's decision or the Court's analysis, and the Court sees none. Plaintiff has accordingly not met his burden.

**ORDER**

For the reasons stated above, Plaintiff's Motion (Dkt. # 18) is DENIED.

DATED this 19th day of November, 2018.

ROBERT J. BRYAN
United States District Judge